Ex parte SARAH E. SPOON.
No. A-3863—Opinion Filed Oct. 20, 1920.
(192 Pac. 698.) .

Application by Sarah E. Spoon for reduction of bail. Denied.

Blanton, Andrews & Osborn, for plaintiff in error.

The Attorney General, W. C. Hall, Asst. Atty. Gen., and Mac. Q. Williamson, Co. Atty., for respondent.

PER CURIAM. In this proceeding Sarah E. Spoon by her attorneys has presented to this court a duly verified petition, wherein she alleged that she is unlawfully imprisoned and restrained of her liberty in the county jail at Pauls Valley, Garvin county, by the sheriff of said county in default of a bond in the sum of $4,000; that the amount of said bond so fixed is excessive and unreasonable; that she is practically without property of any kind, and is therefore unable to make the same; that her present physical condition is such that if she is further deprived of her liberty such confinement will result in serious impairment of her health and endanger her life; and prays that said bond be reduced to the sum of $2,500. The record shows that the petitioner was charged with and held for the murder of one Bill Henry, alleged to have been committed on or about the 6th day of September, 1920; that upon a habeas corpus hearing the district judge properly held she was entitled to bail, and fixed her bond at $4,000. An information for murder was filed and her trial thereto resulted in a mistrial.

This court will not grant reduction of bail in cases of this kind unless it clearly appears that the amount fixed by the trial court is excessive, and the mere fact that a defendant cannot make bond in a certain sum does not make such sum excessive.

Regard must be had to the nature of the crime charged and the character of the testimony by which it is supported. The alleged condition of petitioner's health is contested by the state. Upon a consideration of the proof in the case we are of opinion that this court would not be justified in granting a reduction of bail. The district court of Garvin county will be in session next month, and if the petitioner is not granted a trial at that time, and has not in the meantime made bail in the amount fixed, we are inclined to think that the trial court or the judge thereof should again consider the matter, and in the event of refusal this court will consider any supplemental application that may be presented.

On the record before us the writ will be denied.